JOICE B. BASS
Nevada Bar No. 9405
jbass@lrlaw.com
JENNIFER K. HOSTETLER
Nevada Bar No. 11994
jhostetler@lrlaw.com
**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway #600
Las Vegas, Nevada 89169
(702) 949-8200

Michael B. Garfinkel (*pro hac vice pending*)
California Bar No. 156010
MGarfinkel@perkinscoie.com
**PERKINS COIE LLP**
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900

*Attorneys for Defendants/ Counterclaimants/ Third-Party Plaintiffs Joel Zimmerman and William Morris Endeavor Entertainment, LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JESSE WAITS, an individual,<br>    Plaintiff,<br><br>vs.<br><br>JOEL ZIMMERMAN aka JOEL D. ZIMMERMAN, an individual and DOES 1-10,<br>    Defendants.<br>JOEL ZIMMERMAN, an individual, and WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC, a Delaware Limited Liability Company,<br>    Counterclaimants,<br><br>vs.<br><br>JESSE WAITS, an individual,<br>    Counterdefendant.<br>JOEL ZIMMERMAN, an individual, and WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC, a Delaware Limited Liability Company,<br>    Third-Party Plaintiffs,<br><br>vs.<br><br>DON JOHNSON, an individual,<br>    Third-Party Defendant. | Case No. 2:13-cv-01182-RCJ-CWH<br><br>**DEFENDANT JOEL ZIMMERMAN'S ANSWER TO WAITS' COMPLAINT;**<br><br>**DEFENDANT JOEL ZIMMERMAN'S AND FRCP 19 DEFENDANT WME'S COUNTERCLAIMS AGAINST JESSE WAITS; AND**<br><br>**THIRD-PARTY PLAINTIFFS JOEL ZIMMERMAN'S AND WME'S THIRD-PARTY COMPLAINT AGAINST DON JOHNSON.**<br><br>**(JURY DEMAND)** |

## DEFENDANT JOEL ZIMMERMAN'S ANSWER TO WAITS' COMPLAINT

Defendant Joel Zimmerman ("Defendant") hereby answers the numbered paragraphs of the Complaint of Plaintiff Jesse Waits ("Plaintiff") as follows:

1. Answering paragraph 1 of the Complaint, Defendant admits the allegations contained therein.

2. Answering paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

3. Answering paragraph 3 of the Complaint, Defendant denies the allegations contained therein.

4. Answering paragraph 4 of the Complaint, Defendant denies the existence of the alleged contract but admits that the events underlying the dispute occurred in the City of Las Vegas, County of Clark, State of Nevada.

5. Answering paragraph 5 of the Complaint, Defendant denies the allegations contained therein.

6. Answering paragraph 6 of the Complaint, Defendant denies the allegations contained therein.

7. Answering paragraph 7 of the Complaint, Defendant denies the allegations contained therein.

8. Answering paragraph 8 of the Complaint, Defendant admits only that he received $50,000 which he understood was from Plaintiff and avers that the $50,000 was Plaintiff's contribution of $50,000 toward the $200,000 fee due to Defendant's employer's (FRCP 19 co-defendant WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC) client. Defendant is without knowledge or information sufficient to form a belief as to the authenticity of Exhibit A and therefore denies that allegation. Except as expressly stated otherwise, Defendant denies the remainder of this paragraph.

9. Answering paragraph 9 of the Complaint, Defendant admits only that he received $50,000 which he understood was from Plaintiff and avers that the $50,000 was Plaintiff's contribution of $50,000 toward the $200,000 fee due to Defendant's employer's client, and further

admits that Exhibit B is authentic. Except as expressly stated otherwise, Defendant denies the remainder of this paragraph.

10. Answering paragraph 10 of the Complaint, Defendant admits only that he received $50,000 which he understood was from Plaintiff and avers that the $50,000 was Plaintiff's contribution of $50,000 toward the $200,000 fee due to Defendant's employer's client. Except as expressly stated otherwise, Defendant denies the remainder of this paragraph.

11. Answering paragraph 11 of the Complaint, Defendant denies the allegations contained therein.

12. Answering paragraph 12 of the Complaint, Defendant admits only receiving Exhibit B, which speaks for itself. Except as expressly stated otherwise, Defendant denies the remainder of this paragraph.

13. Answering paragraph 13 of the Complaint, Defendant denies the allegations contained therein.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

14. Answering paragraph 14 of Plaintiff's first cause of action, Defendant repeats and realleges his responses to the previous paragraphs of the Complaint as though fully set forth here.

15. Answering paragraph 15 of the Complaint, Defendant denies the allegations contained therein.

16. Answering paragraph 16 of the Complaint, Defendant denies the allegations contained therein.

17. Answering paragraph 17 of the Complaint, Defendant denies the allegations contained therein.

18. Answering paragraph 18 of the Complaint, Defendant denies the allegations contained therein.

19. Answering paragraph 19 of the Complaint, Defendant denies the allegations contained therein.

…

## SECOND CAUSE OF ACTION

### (Breach of Oral Contract)

20. Answering paragraph 20 of Plaintiff's first cause of action, Defendant repeats and realleges his responses to the previous paragraphs of the Complaint as though fully set forth here.

21. Answering paragraph 21 of the Complaint, Defendant denies the allegations contained therein.

22. Answering paragraph 22 of the Complaint, Defendant denies the allegations contained therein.

23. Answering paragraph 23 of the Complaint, Defendant denies the allegations contained therein.

24. Answering paragraph 24 of the Complaint, Defendant denies the allegations contained therein.

25. Answering paragraph 25 of the Complaint, Defendant denies the allegations contained therein.

26. Answering paragraph 26 of the Complaint, Defendant denies the allegations contained therein.

## THIRD CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

27. Answering paragraph 27 of Plaintiff's first cause of action, Defendant repeats and realleges his responses to the previous paragraphs of the Complaint as though fully set forth here.

28. Answering paragraph 28 of the Complaint, Defendant need not respond to the remainder of the paragraph as it only purports to state a general legal concept and denies the remaining allegations contained therein.

29. Answering paragraph 29 of the Complaint, Defendant denies the allegations contained therein.

30. Answering paragraph 30 of the Complaint, Defendant denies the allegations contained therein.

…

31. Answering paragraph 31 of the Complaint, Defendant denies the allegations contained therein.

32. Answering paragraph 32 of the Complaint, Defendant denies the allegations contained therein.

### FOURTH CAUSE OF ACTION

#### (Intentional Misrepresentation)

33. Answering paragraph 33 of Plaintiff's first cause of action, Defendant repeats and realleges his responses to the previous paragraphs of the Complaint as though fully set forth here.

34. Answering paragraph 34 of the Complaint, Defendant denies the allegations contained therein.

35. Answering paragraph 35 of the Complaint, Defendant denies the allegations contained therein.

36. Answering paragraph 36 of the Complaint, Defendant denies the allegations contained therein.

37. Answering paragraph 37 of the Complaint, Defendant denies the allegations contained therein.

38. Answering paragraph 38 of the Complaint, Defendant denies the allegations contained therein.

39. Answering paragraph 39 of the Complaint, Defendant denies the allegations contained therein.

40. Answering paragraph 40 of the Complaint, Defendant denies the allegations contained therein.

41. Answering paragraph 41 of the Complaint, Defendant denies the allegations contained therein.

42. Answering paragraph 42 of the Complaint, Defendant denies the allegations contained therein.

43. Answering paragraph 43 of the Complaint, Defendant denies the allegations contained therein.

44. Answering paragraph 44 of the Complaint, Defendant denies the allegations contained therein.

## FIFTH CAUSE OF ACTION

### (Negligent Misrepresentation)

45. Answering paragraph 45 of Plaintiff's first cause of action, Defendant repeats and realleges his responses to the previous paragraphs of the Complaint as though fully set forth here.

46. Answering paragraph 46 of the Complaint, Defendant denies the allegations contained therein.

47. Answering paragraph 47 of the Complaint, Defendant denies the allegations contained therein.

48. Answering paragraph 48 of the Complaint, Defendant denies the allegations contained therein.

49. Answering paragraph 49 of the Complaint, Defendant denies the allegations contained therein.

50. Answering paragraph 50 of the Complaint, Defendant denies the allegations contained therein.

51. Answering paragraph 51 of the Complaint, Defendant denies the allegations contained therein.

## SIXTH CAUSE OF ACTION

### (Fraudulent Inducement)

52. Answering paragraph 52 of Plaintiff's first cause of action, Defendant repeats and realleges his responses to the previous paragraphs of the Complaint as though fully set forth here.

53. Answering paragraph 53 of the Complaint, Defendant denies the allegations contained therein.

54. Answering paragraph 54 of the Complaint, Defendant denies the allegations contained therein.

55. Answering paragraph 55 of the Complaint, Defendant denies the allegations contained therein.

56. Answering paragraph 56 of the Complaint, Defendant denies the allegations contained therein.

57. Answering paragraph 57 of the Complaint, Defendant denies the allegations contained therein.

58. Answering paragraph 58 of the Complaint, Defendant denies the allegations contained therein.

59. Answering paragraph 59 of the Complaint, Defendant denies the allegations contained therein.

60. Answering paragraph 60 of the Complaint, Defendant denies the allegations contained therein.

## SEVENTH CAUSE OF ACTION

### (Unjust Enrichment)

61. Answering paragraph 61 of Plaintiff's first cause of action, Defendant repeats and realleges his responses to the previous paragraphs of the Complaint as though fully set forth here.

62. Answering paragraph 62 of the Complaint, Defendant denies the allegations contained therein.

63. Answering paragraph 63 of the Complaint, Defendant denies the allegations contained therein.

64. Answering paragraph 64 of the Complaint, Defendant denies the allegations contained therein.

65. Answering paragraph 65 of the Complaint, Defendant denies the allegations contained therein.

66. Answering paragraph 66 of the Complaint, Defendant denies the allegations contained therein.

67. Answering paragraph 67 of the Complaint, Defendant denies the allegations contained therein.

...

...

## EIGHTH CAUSE OF ACTION

### (Accounting and Constructive Trust)

68. Answering paragraph 68 of Plaintiff's first cause of action, Defendant repeats and realleges his responses to the previous paragraphs of the Complaint as though fully set forth here.

69. Answering paragraph 69 of the Complaint, Defendant denies the allegations contained therein.

70. Answering paragraph 70 of the Complaint, Defendant denies the allegations contained therein.

71. Answering paragraph 71 of the Complaint, Defendant denies the allegations contained therein.

72. Answering paragraph 72 of the Complaint, Defendant denies the allegations contained therein.

73. Answering paragraph 73 of the Complaint, Defendant denies the allegations contained therein.

## NINTH CAUSE OF ACTION

### (Restitution)

74. Answering paragraph 74 of Plaintiff's first cause of action, Defendant repeats and realleges his responses to the previous paragraphs of the Complaint as though fully set forth here.

75. Answering paragraph 75 of the Complaint, Defendant denies the allegations contained therein.

76. Answering paragraph 76 of the Complaint, Defendant denies the allegations contained therein.

77. Answering paragraph 77 of the Complaint, Defendant denies the allegations contained therein.

78. Answering paragraph 78 of the Complaint, Defendant denies the allegations contained therein.

79. Answering paragraph 79 of the Complaint, Defendant denies the allegations contained therein.

## TENTH CAUSE OF ACTION

### (Conversion)

80. Answering paragraph 80 of Plaintiff's first cause of action, Defendant repeats and realleges his responses to the previous paragraphs of the Complaint as though fully set forth here.

81. Answering paragraph 81 of the Complaint, Defendant denies the allegations contained therein.

82. Answering paragraph 82 of the Complaint, Defendant denies the allegations contained therein.

83. Answering paragraph 83 of the Complaint, Defendant denies the allegations contained therein.

84. Answering paragraph 84 of the Complaint, Defendant denies the allegations contained therein.

85. Answering paragraph 85 of the Complaint, Defendant denies the allegations contained therein.

86. Answering paragraph 86 of the Complaint, Defendant denies the allegations contained therein.

WHEREFORE Defendant prays that the Court find in favor of Defendant and against Plaintiff, that Plaintiff takes nothing on any of his purported claims; and that the Court award the Defendant his reasonable attorneys' fees and costs along with all such other and further relief as he may be entitled to at law or in equity.

## NOTICE OF AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses and reserves the right to assert additional affirmative and/or other defenses that may be revealed through discovery or further investigation as this case progresses towards trial.

1. Plaintiff's Complaint fails to state any claims against Defendant upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by waiver.

3. Plaintiff's claims are barred, in whole or in part, by laches.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

3600710.3

4.  Plaintiff's claims are barred, in whole or in part, by estoppel.

5.  Plaintiff's claims are barred, in whole or in part, by unclean hands.

6.  Plaintiff's claims are barred, in whole or in part, by Plaintiff's release of same.

7.  Plaintiff's claims are barred, in whole or in part, by consent and ratification.

8.  Plaintiff's claims are barred, in whole or in part, to the extent they are based on the actions or failures to act of third parties over which Defendant has no control.

9.  Plaintiff's breach of contract claims are barred due to a failure of consideration.

10. Plaintiff's breach of contract claims are barred by the statute of frauds.

11. Plaintiff's breach of contract claims are barred by the doctrine of accord and satisfaction.

12. Plaintiff's fraud claims are barred because any alleged reliance on representations allegedly made by Defendant was unreasonable and/or unjustifiable.

13. Plaintiff's fraud claims are barred because Plaintiff relied on his own judgment and knowledge of Don Johnson and not on any representations allegedly made by Defendant.

14. Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of exemplary or punitive damages under applicable law and the Complaint of this case violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

15. Plaintiff's claims for punitive damages are barred because the acts and omissions of Defendant, if any, fail to rise to the level required to sustain an award of punitive damages; there was no evil intent, no evidence of malicious, knowing, oppressive or fraudulent intent to deny Plaintiff its protected rights, and no wantonness or willfulness, and thus no support for an award of punitive damages.

WHEREFORE Defendant prays that the Court find in favor of Defendant and against Plaintiff, that Plaintiff takes nothing on any of his purported claims; and that the Court award the Defendant his reasonable attorneys' fees and costs along with all such other and further relief as he may be entitled to at law or in equity.

…

## DEFENDANT JOEL ZIMMERMAN'S AND FRCP 19 DEFENDANT WME'S COUNTERCLAIMS AGAINST JESSE WAITS AND THIRD-PARTY COMPLAINT AGAINST DON JOHNSON

Defendant JOEL ZIMMERMAN ("Zimmerman") and Defendant WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC[1] ("WME")—joined here as a defendant pursuant to F.R.C.P. 19(a)— allege Counterclaims against Plaintiff JESSE WAITS ("Waits") and Third-Party Claims against Third-Party Defendant DON JOHNSON ("Johnson") as follows:

### THE PARTIES AND JURISDICTION

1. WME is, and at all times material hereto has been, a limited liability corporation duly organized and operating under the laws of the State of Delaware, with its principal place of business located in the County of Los Angeles, State of California.

2. Zimmerman is, and at all times material hereto has been, an individual who is a citizen of the State of California. WME and Zimmerman shall collectively be referred to herein as the "**WME Parties**."

3. Upon information and belief, Waits is, and at all times material hereto has been, an individual who is a citizen of the State of Nevada.

4. Upon information and belief, Johnson is, and at all times material hereto has been, an individual who is a citizen of the State of Wyoming. Waits and Johnson shall be collectively referred to herein as the "**Nightclub Defendants**."

5. The conduct that was subject of this action occurred in the City of Las Vegas, County of Clark, State of Nevada.

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different States and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

…

…

---

[1] Defendant WME adopts and incorporates by reference here as its Answer to the Complaint each and every response to Plaintiff's allegations and each and every affirmative defense asserted above by Defendant Zimmerman. Defendant WME further reserves the right to amend its Answer to assert additional affirmative defenses as needed.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

3600710.3

# ALLEGATIONS COMMON TO ALL CLAIMS AGAINST THE NIGHTCLUB DEFENDANTS

7. WME is a talent agency, representing clients in a broad array of artistic disciplines. WME has several departments, one of which is WME's Personal Appearance Department. As the name suggests, the Personal Appearance Department consists of agents who represent talent, like singers, musicians, DJs, comedians and lecturers, in connection with personal appearances, such as concerts and club performances. Zimmerman is an agent in WME's Personal Appearance Department representing highly sought-after electronic artists.

8. WME, through Zimmerman, booked an engagement for one of WME's electronic artist clients (the "Client") on February 21, 2011, at XS, a nightclub located within the Wynn Las Vegas and Encore Hotel Resort ("Wynn") on the Strip in Las Vegas, Nevada (the "Engagement"). Upon information and belief, Waits is the "Co-Owner and Managing Partner" of XS.

9. In his role as the WME representative for the Client, Zimmerman traveled to Las Vegas, Nevada for the Engagement. Prior to the Engagement, Waits asked Zimmerman to meet with him. Zimmerman obliged and Waits introduced Zimmerman to Johnson, a well-known big-stakes gambler. Waits told Zimmerman that Johnson was an important client of Waits, XS and Wynn and that he was known to spend $100,000 to $500,000 at nightclubs on any given night. Johnson told Zimmerman that he would be attending the Engagement that evening. Upon information and belief, Johnson is the CEO of Heritage Development, LLC located in Cheyenne, Wyoming.

10. At the Engagement, Zimmerman was invited to sit, and did sit, with Waits at his reserved table at XS. Johnson was seated at a reserved table next to Waits' table. Waits asked Zimmerman to speak with Johnson at his table, and Zimmerman obliged.

11. During the Engagement, Johnson made the following offer to Zimmerman – if the Client played a song by a certain musical artist during the Engagement, Johnson would pay $200,000 for the Client's service (the "Offer"). Zimmerman then spoke with Waits, who vouched for Johnson and assured Zimmerman that Johnson could be trusted to pay the $200,000 if the Client accepted the Offer and played the requested song. Waits again stressed to Zimmerman that

Johnson was an important client of XS and Wynn. Waits then went over to Johnson and discussed his Offer with him. Waits returned to Zimmerman and assured him that Johnson was good for the money. Waits told Zimmerman that Johnson would pay the Client by making the $200,000 payment after the Engagement.

12. During the Engagement, in reliance upon the representations made by the Nightclub Defendants, Zimmerman relayed the Offer and the Nightclub Defendants' representations to the Client. Based upon the representations of the Nightclub Defendants, as relayed by Zimmerman, the Client accepted the Offer and played a song as requested by Johnson. During the song, without being invited by the Client, Johnson went on stage next to the Client and began dancing to the requested song. On the screen behind the Client, controlled by XS, the following words appeared – "Don Mother Fucking Johnson." Upon information and belief, Johnson spent more than $400,000 at XS that evening.

13. After the Engagement, Waits accompanied Zimmerman to collect the $200,000 from Johnson. Johnson was seated at a high-stakes blackjack table and appeared to be losing a lot of money. Waits approached Johnson to ask for the $200,000 payment for the Client's performance. Johnson screamed at Waits and refused to pay. After Johnson's security approached the table, Zimmerman and Waits left Johnson's hotel empty-handed. Waits promised Zimmerman that he would speak to Johnson the following day to collect the payment.

14. The next day, Waits told Zimmerman than he was unable to collect the $200,000 payment because Johnson had left Las Vegas on a private jet.

15. Zimmerman told Waits that in order to preserve the WME Parties' relationship with the Client, the WME Parties needed to follow through with the $200,000 payment. Waits said he would contribute $50,000 towards the $200,000. The WME Parties contributed the remaining $150,000 and thereafter paid the full $200,000 promised by Johnson to the Client.

16. Johnson has failed and refused to pay the $200,000 promised via the WME Parties for the Client's service. As a result, the WME Parties have suffered damages in an amount that is not less than $150,000.

…

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

3600710.3

17. The WME Parties have further been required to incur attorney's fees and costs in bringing these Counterclaims and Third-Party Claims and are entitled to recover same.

## FIRST CAUSE OF ACTION

**(Intentional Misrepresentation Against the Nightclub Defendants)**

18. The WME Parties allege and incorporate by reference the allegations set forth in Paragraphs 1 through 17, as though fully set forth herein.

19. On February 21, 2011, Johnson represented to Zimmerman that he would pay $200,000 if the Client played a certain song during the Engagement. Also, on February 21, 2011, Waits vouched for Johnson and represented to Zimmerman that Johnson would pay the $200,000 required under the Offer, if the Client actually played the requested song.

20. At the time Nightclub Defendants made such representations to Zimmerman, they knew that the representations were false or made recklessly.

21. The Nightclub Defendants made the representations to Zimmerman with the intent to defraud the WME Parties; that is, Nightclub Defendants made the representations for the purpose of inducing Zimmerman, on behalf of WME, to procure the Client's services. The WME Parties were not aware of the falsity of Nightclub Defendants' representations, acted in reliance on the truth of the representations and were justified in relying upon the representations. But for Nightclub Defendants' representations, the WME Parties would not have relayed the Offer to the Client and procured the Client's play of the specific song requested by Johnson.

22. Based upon the representations of Nightclub Defendants, Zimmerman did procure the Client's play of the song during the Engagement, with the expectation that the Client would be compensated $200,000. After the Client's performance, Johnson refused to pay the $200,000 to the WME Parties.

23. The Nightclub Defendants knew, or should have known, that if Johnson failed to make the payment of $200,000 as required by the Offer, they would put WME and Zimmerman in a difficult position with the Client and likely harm their relationship. When Johnson reneged on the Offer, the WME parties paid the Client the $200,000.

...

24. As a result of their reliance on the truth of Nightclub Defendants' representations, the WME Parties have suffered damages in an amount no less than $150,000, the amount the WME Parties contributed to the $200,000 payment to the Client.

25. Also, as a further direct and proximate result of Nightclub Defendants' actions, the WME Parties have been required to retain the services of an attorney to defend against Waits' Complaint and to prosecute this Counterclaim and Third-Party Claim and have been damaged thereby; as such, the WME Parties are entitled to an award of reasonable attorneys' fees and costs. *Sandy Valley Assocs. v. Sky ranch Estates Owners Ass'n*, 117 Nev. 948, 956, 35 P.3d 964, 969 (2001).

26. The conduct of Nightclub Defendants subjected the WME Parties to cruel and unjust hardship in conscious disregard of the WME Parties' rights, therefore justifying an award of exemplary and punitive damages.

## SECOND CAUSE OF ACTION

**(For Negligent Misrepresentation Against the Nightclub Defendants)**

27. The WME Parties allege and incorporate by reference the allegations set forth in Paragraphs 1 through 26, as through fully set forth therein.

28. On February 21, 2011, Johnson represented to Zimmerman that he would pay $200,000 if WME's client played a certain song during the Engagement. Also, on February 21, 2011, Waits vouched for Johnson and represented to Zimmerman that Johnson would pay the $200,000 required under the Offer, if the Client actually performed the song.

29. At the time Nightclub Defendants made such representations to Zimmerman, Nightclub Defendants failed to exercise reasonable care or competence in obtaining or communicating the information relied upon by the WME Parties.

30. Nightclub Defendants made the representations to Zimmerman with the intent to defraud the WME Parties; that is, Nightclub Defendants made the representations for the purpose of inducing Zimmerman, on behalf of WME, to procure the Client's services. The WME Parties were not aware of the falsity of Nightclub Defendants' representations, acted in reliance on the truth of the representations and were justified in relying upon the representations. But for

1  Nightclub Defendants' representations, the WME Parties would not have relayed the Offer to the
2  Client and procured the Client's play of the song requested by Johnson.

3      31. Based upon the representations of Nightclub Defendants, Zimmerman did procure
4  the Client's play of the song during the Engagement, with the expectation that the Client would be
5  compensated $200,000. After the Client's performance, Johnson refused to pay the $200,000 to
6  the WME Parties.

7      32. Nightclub Defendants knew, or should have known, that if Johnson failed to make
8  the payment of $200,000 as required by the Offer, they would put WME and Zimmerman in a
9  difficult position with the Client and likely harm their relationship. When Johnson reneged on the
10 Offer, the WME parties paid the Client the $200,000.

11     33. As a result of their reliance on the truth of Nightclub Defendants' representations,
12 the WME Parties have suffered damages in an amount no less than $150,000, the amount the
13 WME Parties contributed to the $200,000 payment to the Client.

14     34. Also, as a further direct and proximate result of Nightclub Defendants' actions, the
15 WME Parties have been required to retain the services of an attorney to defend against Waits'
16 Complaint and to prosecute this Counterclaim and Third-Party Claim and have been damaged
17 thereby; as such, the WME Parties are entitled to an award of reasonable attorneys' fees and costs.
18 *Sandy Valley Assocs. v. Sky ranch Estates Owners Ass'n*, 117 Nev. 948, 956, 35 P.3d 964, 969
19 (2001).

20     35. The conduct of Nightclub Defendants subjected the WME Parties to cruel and
21 unjust hardship in conscious disregard of the WME Parties' rights, therefore justifying an award of
22 exemplary and punitive damages.

23     **THIRD CAUSE OF ACTION**
24     **(For Negligence Against Counterclaimant Waits)**

25     36. The WME Parties allege and incorporate by reference the allegations set forth in
26 Paragraphs 1 through 35, as through fully set forth therein.

27 …
28 …

37. Waits negligently, carelessly and wrongfully failed to use reasonable care in the introduction of and vouching for Johnson to Zimmerman and in persuading Zimmerman that the Offer was valid.

38. Waits negligently, carelessly and/or willfully failed to exercise reasonable care and diligence to avoid loss and to minimize and mitigate damage which could have been prevented by reasonable efforts on the part of Waits.

39. The damages incurred by the WME Parties occurred because of Waits' negligence.

40. As a direct and proximate result of Waits' negligence, the WME Parties have incurred and continue to incur costs and expenses including but not limited to litigation costs and attorneys' fees related to pursuing this Counterclaim and the Third-Party Complaint and are therefore entitled to an award of such fees and costs. *Sandy Valley Assocs. v. Sky ranch Estates Owners Ass'n*, 117 Nev. 948, 956, 35 P.3d 964, 969 (2001).

41. The conduct of Waits subjected the WME Parties to cruel and unjust hardship in conscious disregard of the WME Parties' rights, therefore justifying an award of exemplary and punitive damages.

### FOURTH CAUSE OF ACTION

### (For Equitable Indemnity Against Third-Party Defendant Johnson)

42. The WME Parties allege and incorporate by reference the allegations set forth in Paragraphs 1 through 41, as through fully set forth therein.

43. In equity and good conscience, if Waits recovers against the WME Parties, then the WME Parties are entitled to equitable indemnity, apportionment of liability, contribution from, and among, Johnson, as a result of his fault for the injuries and/or damages allegedly sustained by Waits, if any, by way of the sums paid by settlement or judgments rendered against the WME Parties arising from the Complaint and any costs and attorneys' fees incurred by the WME Parties in connection with this action.

WHEREFEORE, WME and Zimmerman respectfully pray that the Court:

- enter final judgment in favor of WME and Zimmerman against Plaintiff Waits on the Complaint;

- enter final judgment in favor of WME and Zimmerman and against Nightclub Defendants on the Counterclaims and Third-Party Complaint;
- enter final judgment in Plaintiff Waits' favor against Third-Party Defendant Johnson pursuant to FRCP 14(c)(2);
- award WME and Zimmerman damages, including exemplary and/or punitive damages;
- award WME and Zimmerman interest, costs, attorneys' fees (as special damages pursuant to *Sandy Valley Assocs. v. Sky ranch Estates Owners Ass'n*, 117 Nev. 948, 956, 35 P.3d 964, 969 (2001)); and
- award WME and Zimmerman such other and further relief as they may be entitled to at law or in equity.

DATED this 10th day of July, 2013.

**LEWIS AND ROCA LLP**

By: /s/ Joice Bass
JOICE B. BASS
Nevada Bar No. 9405
JENNIFER K. HOSTETLER
Nevada Bar No. 11994
**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

Michael B. Garfinkel (*pro hac vice pending*)
California Bar No. 156010
MGarfinkel@perkinscoie.com
**PERKINS COIE LLP**
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721

*Attorneys for Defendants/ Counterclaimants/ Third-Party Plaintiffs*

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

3600710.3

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I caused a copy of the foregoing document to be served via the Court's CM/ECF system upon the following CM/ECF participants:

Ismail Amin
*The Amin Law Group, NV., Ltd.*
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV  89169

Attorneys for Plaintiff/Counter-defendant Jesse Waits

DATED this 10th day of July, 2013.

                                        /s/ Joice Bass
                              An employee of Lewis and Roca LLP