UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JESSE WAITS, | ) | |
|       Plaintiff, | ) | |
| | ) | 2:13-cv-01182-RCJ-CWH |
|   vs. | ) | |
| | ) | |
| JOEL ZIMMERMAN et al., | ) | **ORDER** |
| | ) | |
|       Defendants. | ) | |

This is a breach of contract action arising out of a $50,000 cash loan. Pending before the Court is a Motion to Dismiss Counterclaims (ECF No. 11). For the reasons given herein, the Court grants the Motion in part and denies it in part, with leave to amend in part.

I.     **FACTS AND PROCEDURAL HISTORY**

In or about February 2011, Plaintiff Jesse Waits, a Nevada citizen, and Defendant Joel Zimmerman, a California citizen, entered into an agreement "both oral and written" under which Plaintiff would lend Defendant $50,000 and Defendant would make monthly payments of unspecified amount and unspecified interest beginning six months later, until the loan was repaid. (Compl. ¶¶ 5–7, June 4, 2013, ECF No. 1-2, at 6). Plaintiff performed by having non-party Praveen Chandra wire Defendant $30,000 on March 2, 2011 and by personally wiring Defendant $20,000 on March 8, 2011. (*Id.* ¶¶ 8–10). Defendant never made any payments and ignored Plaintiff's demand letter of February 8, 2013. (*Id.* ¶¶ 11–12). Plaintiff sued Defendant in

1  Nevada state court for: (1) breach of contract; (2) breach of oral contract; (3) breach of the
2  implied covenant of good faith and fair dealing; (4) intentional misrepresentation; (5) negligent
3  misrepresentation; (6) fraudulent inducement; (7) unjust enrichment; (8) accounting and
4  constructive trust; (9) restitution; and (10) conversion.

5      Defendant removed and answered, pleading (along with William Morris Endeavor
6  Entertainment, LLC ("William Morris"), whose citizenship is not properly alleged))[1]
7  counterclaims against Plaintiff, as well as third-party claims against Third-party Defendant Don
8  Johnson, a Wyoming citizen.  According to the Countercomplaint, William Morris is a talent
9  agency, and Zimmerman is an agent with William Morris's Personal Appearance Department
10 responsible for representing electronic artists with respect to their public appearances.
11 (Countercl. ¶ 7, July 10, 2013, ECF No. 4, at 11).  Zimmerman, on behalf of William Morris,
12 booked an engagement for an unnamed client (the "Client") for an appearance (the
13 "Engagement") at XS, a nightclub at the Wynn Las Vegas and Encore Hotel Resort ("Wynn") for
14 February 21, 2011. (*Id.* ¶ 8).  Plaintiff Waits is a co-owner and managing partner of XS. (*Id.*).
15 During the negotiations for the Engagement, Defendant met Waits in Las Vegas, where Waits
16 introduced Zimmerman to Johnson, a high-stakes gambler and important client of Waits, XS, and
17 Wynn known to spend between $100,000 to $500,000 at nightclubs on a given night. (*Id.* ¶ 9).
18 Johnson told Zimmerman that he would be at the Engagement. (*Id.*).

19     At the Engagement, Zimmerman sat with Waits at his reserved table and spoke with
20 Johnson as requested by Waits. (*Id.* ¶ 10).  Johnson offered Zimmerman $200,000 for the Client
21 (apparently appearing as a disc jockey) to play a particular song by a particular artist during the

---

[1] Although Defendant alleges that William Morris is a Delaware limited liability company ("LLC") with its principal place of business in California, these facts are irrelevant to its citizenship.  An LLC's citizenship is coextensive with the citizenship of any of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  The membership of William Morris is not publicly available on the Delaware Secretary of State's website, though the website confirms it is a Delaware LLC.

1  Engagement (the "Offer"). (*Id.* ¶ 11).  Waits "vouched" for Johnson's trustworthiness but is not

2  alleged to have made an oral surety. (*See id.*).  After Waits discussed the offer further with

3  Johnson (apparently outside of Zimmerman's hearing), Waits told Zimmerman that Johnson

4  would pay after the Engagement. (*Id.*).  In reliance, Zimmerman relayed the request to the Client,

5  who accepted and performed by playing the requested song, during which Johnson went on stage

6  next to the client to dance. (*Id.*).

7  After the Engagement, Waits and Zimmerman jointly approached Johnson while he was

8  gambling at a high-stakes blackjack table at Wynn and appeared to be losing badly. (*Id.* 13).

9  When asked to pay the $200,000, Johnson screamed at Waits and refused to pay. (*Id.*).  Waits

10  and Zimmerman left without payment when Johnson's private security personnel approached

11  them. (*Id.*).

12  The next day, Waits told Zimmerman he had been unable to collect the $200,000, because

13  Johnson had left town on a private jet. (*Id.* ¶ 14).  Zimmerman told Waits that in order to

14  preserve the relationship between William Morris and the Client, William Morris needed to

15  make good the $200,000 promised to the Client. (*Id.* ¶ 15).  Waits promised to contribute

16  $50,000, which he did, and William Morris and Zimmerman contributed the remainder. (*See id.*).

17  Johnson refuses to make good his $200,000 oral promise for the Client's service, causing

18  William Morris and Zimmerman damages of at least $150,000. (*Id.* ¶ 16).

19  Zimmerman and William Morris have therefore brought counterclaims and third-party

20  claims, as follows: (1) intentional misrepresentation (against Waits and Johnson); (2) negligent

21  misrepresentation (against Waits and Johnson); (3) negligence (against Waits); and (4) equitable

22  indemnity (against Johnson).  Plaintiff has moved to dismiss the counterclaims against him for

23  failure to state a claim.

24  **II.   LEGAL STANDARDS**

25  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule

of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

Counterdefendant calls the general allegations in the Countercomplaint and Third-party Complaint "incredible." But the claims therein are no more or less credible than Plaintiff's claim in the Complaint that he made a $50,000 oral loan with such indefinite repayment terms. In any case, a court does not consider credibility at the dismissal stage, or even at the summary judgment stage. Credibility is for the fact-finder. And although it may seem odd (it does) that Counterplaintiffs do not seek to enforce Johnson's alleged promise under a breach-of-contract or quasi-contract theory, that has no bearing one way or the other on whether the alternative theories they have pled against Counterdefendant or Third-party Defendant are viable.

The negligent misrepresentation counterclaim is plainly sufficiently pled:

> One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998) (quoting Restatement (Second) of Torts § 552). Counterplaintiffs have pled that: (1) Waits represented to Zimmerman that Johnson's promise to pay was reliable; (2) Waits made this representation in order to induce Zimmerman to convince the Client to play the requested song; (3) Waits made the representation in his professional and pecuniary interest, i.e., in order to satisfy Johnson, who was an important client of XS and Wynn; (4) Zimmerman relied on the promise by having the Client perform with

expectation of payment from William Morris; and (5) William Morris and Zimmerman were damaged by having to pay the Client despite not having been paid by Johnson. Reasonable care and justifiability of reliance are for a jury, and the Court rejects the argument that the alleged statements by Waits that Johnson was reliable were only "opinions or predictions." The rule of the Restatement applies equally to opinions, even if the opinion is based only upon information given to the defendant by the plaintiff, which is not even the case here, where the opinion was based upon Waits's own knowledge alone. *See* Restatement (Second) of Torts § 552 cmt. b.

The Court dismisses the negligence claim, however. The negligence was alleged to be only in the misrepresentation itself. No separate negligence action lies under such circumstances, where no damages are alleged to have resulted except as flowing from the allegedly negligent misrepresentation. As Counterplaintiffs themselves note, the Nevada Supreme Court has identified negligent misrepresentation as an example of a cause of action whereby a plaintiff may recover purely economic losses caused by another's negligence. *See Terracon Consultants W., Inc. v. Mandalay Resort Grp.*, 206 P.3d 81, 88 (Nev. 2009) ("For example, negligent misrepresentation is a special financial harm claim for which tort recovery is permitted because without such liability the law would not exert significant financial pressures to avoid such negligence.").

The Court also dismisses the intentional misrepresentation claim, with leave to amend. There are no facts alleged indicating that Waits knew or was aware of a risk that Johnson would not pay. Counterdefendant is correct that the claim in paragraph 20 of the Countercomplaint that Counterdefendant made the statement that Johnson would pay Counterplaintiffs with scienter for the falsity of that statement is conclusory and not supported by factual allegations appearing elsewhere in the pleading.

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 11) is GRANTED IN PART and DENIED IN PART. The intentional misrepresentation and negligence counterclaims are dismissed, with leave to amend the intentional misrepresentation counterclaim.

IT IS SO ORDERED.

Dated this 17th day of September, 2013.

_____
ROBERT C. JONES
United States District Judge